**Dated: May 1, 2025**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAMPTON HAROLD PRICE<br>PATRICIA ANN PRICE,<br>                Debtors. | Case No. 24-80483-PRT<br>Chapter 7 |
| LAFAVER FIBERGLASS CORP.,<br>PATRICIA LAFAVER AND DOMINIQUE<br>LAFAVER, HEIRS-AT-LAW OF BOBBY<br>JOE LAFAVER,<br>                Plaintiffs, | |
| v. | Adversary Case No. 24-08012-PRT |
| HAMPTON HAROLD PRICE,<br>PATRICIA ANN PRICE,<br>                Defendants. | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
## GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

      The Plaintiffs filed this adversary case pursuant to 11 U.S.C. § 523(a)(6) to except from discharge a state court judgment awarded to them against the Defendants. The Defendants,

proceeding pro se,[1] ask this Court to dismiss the Plaintiffs' Complaint. The Plaintiffs object to dismissal and filed a Motion for Summary Judgment, opposed by the Defendants. After review of the record and applicable legal authorities, the Court finds that the Defendants' Motion to Dismiss should be denied, and that the Plaintiffs are entitled to summary judgment as to Count I of their Complaint.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

## The Defendants' Motion to Dismiss

The debt the Plaintiffs seek to except from discharge arises from a judgment entered in their favor and against the Defendants by the Wagoner County, Oklahoma District Court plus additional attorney fees awarded for related appeals. The Defendants filed a Motion to Dismiss this adversary case[2] on the grounds that the judgment debt resulted from a violation of their constitutional rights by the state courts, that they did not engage in willful or malicious activity as alleged, and that their discharge prevents the Plaintiffs from collecting the judgment debt. The Motion does not expressly cite a procedural rule as the basis for dismissal. However, it appears to the Court that the Defendants' grounds are that the Complaint fails to set forth any claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to these bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012. The Defendants argue that since

---

[1] Because the Defendants proceed pro se, we construe their arguments liberally, but we "cannot take on the responsibility of serving as [their] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).
[2] ECF No. 24.

they have acted within their constitutional rights there can be no claim against them. They also argue the discharge that was granted them in their bankruptcy case prohibits the Plaintiffs from attempting to collect this debt.

Rule 12(b) states that a motion raising a defense under subparagraph (6) must be raised prior to making a responsive pleading. The Defendants filed their Motion to Dismiss after they filed their Answer to the Complaint, which is a responsive pleading. The Defendants also attached an exhibit to the Motion to Dismiss which is titled "Summons For Court Financial Obligations" directed to Mr. Price on January 28, 2025, by the Wagoner County Court Clerk. It appears that this exhibit presents a matter outside the pleadings. Rule 12(d) requires that the Defendants' motion to dismiss under Rule 12(b)(6) be treated as a motion for summary judgment under Rule 56.[3] Therefore, the Court has before it two motions for summary judgment, one filed by the Defendants and one filed by the Plaintiffs, as well as objections thereto.

## Summary Judgment Standard

The United States Court of Appeals of the Tenth Circuit has held that

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove,* 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation

---

[3] Fed. R. Civ. P. 56, made applicable to this bankruptcy proceeding pursuant to Fed. R. Bankr. P. 7056.

omitted).[4]

The Court will apply this standard to the motions before it.

This Court's Local Rule 7056-1 contains specific requirements regarding the content and organization of a motion for summary judgment. The motion shall include a brief in support that

> contains a concise statement of material facts as to which movant contends no genuine issue exists. Each fact shall be stated in a separately numbered paragraph and shall refer with particularity to those portions of the affidavits, discovery materials, pleadings, or other parts of the record before the Court upon which the movant relies.

A brief in response to a motion for summary judgment

> shall begin with a section stating, by paragraph number, each of the movant's facts to which the non-movant contends a genuine issue exists, and shall refer with particularity to those portions of affidavits, discovery materials, pleadings, and other relevant parts of the record before the Court upon which the non-movant relies to dispute the movant's fact. All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material.

Upon review of the motions before this Court, the Court notes that the Defendants' Motion to Dismiss/Summary Judgment includes a few paragraphs regarding facts from their bankruptcy case, their belief that their constitutional rights were violated by the state courts, and statements that they have not acted willfully or maliciously, but otherwise does not contain a concise statement of undisputed material facts which they believe entitle them to prevail in this adversary case. The Plaintiffs' Response[5] contains a specific response to the Defendants' statements to which they contend genuine issues exist, and includes their own numbered statement of material facts, as required by Local Rule 7056.

---

[4] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).
[5] ECF No. 30.

The Plaintiffs' Motion for Summary Judgment[6] also complies with this Court's Local Rule 7056 as it includes a numbered list of material facts to which they believe there is no genuine issue, with references to attached exhibits supporting those facts. The Defendants' objection[7] to the Plaintiffs' motion does not include specific objections to the Plaintiffs' numbered statement of facts, nor does it reference exhibits upon which they rely.

Pro se parties must follow the same rules of procedure that govern parties represented by an attorney. *See Nielsen v. Price,* 17 F.3d 1276 (10th Cir. 1994). The Defendants' Motion to Dismiss and Motion to Deny Plaintiffs Motion for Summary Judgment do not comply with the Federal Rules of Bankruptcy Procedure nor this Court's Local Rules regarding summary judgment motions. Pursuant to this Court's Local Rule, properly supported material facts set forth in the Plaintiffs' motion are deemed admitted since not specifically controverted by the Defendants and since the Defendants have failed to produce evidentiary material to controvert the Plaintiffs' statement of facts.

## Findings of Fact

There is no genuine dispute as to the following material facts which were not controverted by the Defendants[8]:

---

[6] ECF No. 31.
[7] ECF No. 35, "Motion to Deny Plaintiffs Motion for Summary Judgment."
[8] Most of the facts presented herein were set forth in two motions for summary judgment filed by the Plaintiffs and adopted by the District Court for Wagoner County, Oklahoma in orders granting the Plaintiffs' motions for summary judgment, Case No. CJ-2017-214. *See* ECF No. 31, Exs. 1 and 2. This Court has made additional findings regarding the filing of this bankruptcy case, and to include appeals of the state court judgment in the Oklahoma Cout of Civil Appeals and the Oklahoma Supreme Court which are referenced in court documents attached as exhibits to the Plaintiffs' Motion for Summary Judgment.

1. The Plaintiffs have operated LaFaver Fiberglass Corporation on their property since 1996.

2. The Defendants bought their adjoining property sight-unseen in 2004, acquiring the deed on November 30, 2004.

3. The Plaintiffs operate a "de minimis facility," processing 1.5 to 2 tons of materials per year and are not required to be permitted with the Oklahoma Department of Environmental Quality.

4. The Defendants filed the following complaints with the Oklahoma Department of Environmental Quality ("DEQ"):

    a. At least one (1) complaint in 2011 and at least one (1) in 2012. The DEQ investigated both times and did not find any violation of the business;

    b. At least two (2) official complaints in 2013. The DEQ investigated and determined that no permit was required and there were no violations.

    c. At least one (1) official complaint in 2014. The DEQ investigated and determined that there were no violations and no permit was required;

    d. At least three (3) official complaints in 2015. The DEQ investigated and determined that there was no violation and that no permit was required.

5. The Defendants filed at least one (1) official complaint with the City of Broken Arrow in 2015, who investigated and determined that the Defendants' claims were unfounded.

6. On May 3, 2015, Defendant Harold Price stated: "I want $225,000.00 for my property, and if I don't get it, I'm going to sue you. If I lose this case I am going to sue the City of Broken Arrow, and if that doesn't work, I am going to sue the DEQ, then the EPA, and if

that doesn't work, I will sue the Federal Government. Someone is going to pay me."[9]

7. On April 24, 2017, Defendant Harold Price stated: "It's your last chance to buy me out. When my attorney starts, there is no backing out," and "I will take everything you've got."

8. Between February 2018 and September 2019, Defendants filed approximately thirty (30) complaints with the City of Broken Arrow.

9. In June 2019, the Plaintiffs received a letter from the DEQ concerning another complaint from the Defendants and that a subsequent investigation found no violation.

10. On July 19, 2017, the Defendants initiated the state court lawsuit in this matter, District Court of Wagoner County Case No. CJ-2017-214.

11. The subject matter of the lawsuit was the same as the repeated government complaints and investigations initiated by the Defendants, including causes of action for negligence, public and private nuisance, and breach of a mediation agreement. The Plaintiffs filed counterclaims against the Defendants for abuse of process and malicious prosecution.

12. On October 24, 2018, the Defendants initiated a lawsuit in Tulsa County, SC-2018-18252, against Plaintiff LaFaver Fiberglass Corporation. This case was dismissed due to the fact that it was the same as the Wagoner County case.

13. On November 12, 2019, the District Court of Wagoner County, Oklahoma, ruled on

---

[9] Although Mr. Price denied making this statement during oral arguments presented to this Court, the Court has made this Finding because it was included in statements of uncontroverted material facts in the state court motions for summary judgment which were granted in favor of the Plaintiffs and against the Defendants. *See Conclusions of Law, discussion of issue preclusion, supra.*

these facts and issued a ruling of summary judgment in favor of the Plaintiffs and against the Defendants regarding the Defendants' claims of negligence, constitutional violations, public and private nuisance. *See* ECF No. 31, Ex. 6.

14. On October 5, 2021, the District Court of Wagoner County, Oklahoma ruled on these facts and issued a ruling in favor of the Plaintiffs and against the Defendants on the Plaintiffs' claims of abuse of process and malicious prosecution. *See* ECF No. 31, Ex. 7.

15. On April 4, 2022, the District Court of Wagoner County, Oklahoma entered a Journal Entry of Judgment for $70,206.69 in favor of the Plaintiffs and against the Defendants on the Plaintiffs' claims of abuse of process and malicious prosecution. *See* ECF No. 3, Ex. 8.

16. The Defendants appealed the summary judgments against them on their claims against the Plaintiffs for nuisance, etc., as well as the Plaintiffs' claims for abuse of process and malicious prosecution entered by the District Court of Wagoner County. On April 14, 2023, the Oklahoma Court of Civil Appeals issued an unpublished opinion affirming the Wagoner County Court's orders granting summary judgment to the Plaintiffs on all claims and counterclaims raised in the state court action. The Supreme Court of Oklahoma denied certiorari. *See* ECF No. 31, Ex. 11, Order of Dismissal by Judge Ron White, Case No. 23-cv-437.[10] The Plaintiffs were awarded additional attorney fees for appellate-related costs.

17. On April 27, 2023, the Plaintiffs were sued by the Defendants in the United States

---

[10] The Defendants listed these state court appeals in the Statement of Financial Affairs. They also listed the Wagoner County case, and three federal court cases they filed regarding their disputes with the Plaintiffs and various local officials. *See*, Case No. 24-80483, ECF No. 16-1, pp. 4-5.

District Court for the Eastern District of Oklahoma in a removal action from of the state court case to federal court. The case was remanded back to the District Court of Wagoner County, Oklahoma within five (5) days. *See* ECF No. 31, Ex.9, Case No. 23-cv-138.

18. On December 13, 2023, the Defendants filed a second federal court lawsuit against the Plaintiffs in United States District Court for the Eastern District of Oklahoma. This was an attempt to appeal the Supreme Court of Oklahoma's ruling. This second federal case was ultimately dismissed for lack of service and failure to state a claim. *See* ECF No. 31, Ex. 10, Case No. 2023-cv-419.

19. On December 28, 2023, Defendant Harold Price filed a third lawsuit in federal court, suing the Plaintiffs, the City of Broken Arrow, and several Broken Arrow city officials regarding nuisance complaints and constitutional violations addressed in the Wagoner County case and the Oklahoma Court of Civil Appeals. That lawsuit was dismissed for issue preclusion as to the Plaintiffs on July 24, 2024. *See* ECF No. 31, Ex. 11, Case No. 2023-cv-437.

20. The Defendants filed a chapter 7 bankruptcy case on June 20, 2024. Their discharge was entered on September 18, 2024.

21. The Plaintiffs filed this adversary case on August 8, 2024, seeking to except the judgment debt from discharge pursuant to 11 U.S.C. § 523(a)(6).

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

## Conclusions of Law

The Defendants seek dismissal of this case, and oppose the Plaintiffs' Motion for Summary Judgment, arguing that they have been deprived of their constitutional rights by the officials involved in investigating their complaints against the Plaintiffs and by the courts from which they have sought relief. They have failed to point this Court to any specific erroneous factual or legal findings regarding the causes of action they brought against the Plaintiffs. Instead, they allege that various regulating bodies and the courts have conspired with the Plaintiffs against them, despite multiple findings by at least six different courts that the Plaintiffs' have not operated in an unlawful manner. The Court recognizes that a pro se litigant's pleadings are to be construed liberally and they may be held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, pro se litigants are charged with following the procedures of the court and may not evade those procedures. *Id.* Therefore, their failure to refute the facts recited by the Plaintiffs or identify their own material facts is an admission that the facts set forth by the Plaintiffs are true, and that there are no genuine issues as to any material fact which would require a trial. Based on these uncontroverted facts, the Court must determine whether the party seeking summary judgment is entitled to judgment as a matter of law.

## Impact of the Defendants' discharge

The Defendants argue that because their discharge was entered in their bankruptcy case, the Plaintiffs are barred by the discharge injunction from attempting to collect the judgment debt from the Defendants. This is an erroneous understanding of the discharge awarded to debtors under 11 U.S.C. § 727. Section 727(b) states that a debtor is discharged from all debts that arose before the bankruptcy petition was filed "[e]xcept as provided in section 523 of this title."

Section 523 lists specific types of debts that are not discharged by § 727, including a debt under § 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." The Order of Discharge entered in the Defendants' bankruptcy case specifically cautions that "**Some debts are not discharged**."[11] A creditor who believes that its debt should not be discharged and is an exception to discharge identified in § 523 must file an adversary case pursuant to Fed. R. Bankr. P. 7001(6). The Plaintiffs have timely filed this adversary case seeking to except the judgment debt from discharge. Therefore, the judgment debt was not automatically discharged by the Order of Discharge, nor have the Plaintiffs violated the discharge injunction by pursuing this adversary case.

**Impact of state court judgments and appellate decisions**

The Plaintiffs argue that they are entitled to summary judgment excepting their judgment debt from being discharged pursuant to § 523(a)(6) as a willful and malicious injury by the debtors because the same issues have been determined by another court. The Plaintiffs argue that the doctrines of res judicata and collateral estoppel prevent this Court from reexamining the judgment entered by the Wagoner County District Court against the Defendants and bar the Defendants from attempting to relitigate the facts and issues decided in the state court proceeding.

As the parties' dispute arose in Oklahoma, this Court applies Oklahoma law.[12] The doctrine of claim preclusion, or res judicata, is that a final judgment on the merits of an action precludes the parties from re-litigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action. *See State ex rel.*

---

[11] Case No. 24-80483, ECF No. 26.
[12] *See In re Zwanziger,* 741 F.3d 74 (10th Cir. 2014).

*Dept. of Transp. v. Little,* 100 P.3d 707 (Okla. 2004.) The doctrine of issue preclusion, or collateral estoppel, holds that once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not re-litigate that issue in a lawsuit brought upon a different claim. *Id.* For either to apply, the party against whom it is asserted must have had a full and fair opportunity to litigate the claim or critical issue. *State ex rel. Tal v. City of Oklahoma City,* 61 P.3d 234 (Okla. 2002) (citations omitted). The grant of summary judgment by the state court is a judgment on the merits. *Carris v. John R. Thomas & Assocs., P.C.,* 896 P.2d 522 (Okla. 1995).

The elements of claim preclusion (res judicata) are (1) identity of subject matter and the parties or their privies in the prior litigation; (2) a court of competent jurisdiction heard the prior litigation; and (3) the judgment rendered in the prior litigation was a judgment on the merits. *See Robinson v. Texhoma Limestone, Inc.,* 100 P.3d 673 (Okla. 2004). The elements of issue preclusion (collateral estoppel) are (1) the party against whom it is asserted was either a party to or a privy of a party to the prior action; (2) the issue subject to preclusion was actually adjudicated in the prior case; (3) the adjudicated issue was necessary and essential to the outcome of the prior case; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the claim or critical issue. *Durham v. McDonald's Rest. Of Okla., Inc.,* 256 P.3d 64, 66-67 (Okla. 2011).

The Court finds that issue preclusion, or collateral estoppel, applies in this case to bar relitigation of the issues before this Court.[13] The first element is met as the Defendants, the parties against whom issue preclusion is asserted here, were parties to the prior state action.

---

[13] The judgment debt is the result of claims for abuse of process and malicious prosecution. The claim in this Adversary Case is for willful and malicious injury.

The second and third elements are that the issues to be precluded in this case are the same issues adjudicated by the state court and were essential to its decision. The issues to be precluded from re-litigation in this Adversary Case are whether there was a willful and malicious injury by the Defendants to the Plaintiffs or their property. To be "willful" the act must be deliberate or intentional, and the actor must intend the consequences of the act. *Kawaauhau v. Geiger,* 523 U.S. 57 (1998). The debtors must be shown to have acted with specific intent to harm a creditor or the creditor's property, or that the debtors desired to cause the injury or believed the injury was substantially certain to occur. *See In re Longley,* 235 B.R. 651, 657 (10th Cir. BAP 1999). There must also be a "malicious injury" caused by the debtors' wrongful actions. *See In re Smith,* 618 B.R. 901 (10th Cir. BAP 2020).

The issues adjudicated by the state court were tort claims of abuse of process and malicious prosecution. To prevail on a claim for abuse of process, plaintiffs must prove that the defendants (1) caused the issuance of process, (2) with an ulterior motive or improper purpose, and (3) with resulting damage to the plaintiffs. *Greenberg v. Wolfberg,* 890 P.2d 895 (Okla. 1994). Malicious prosecution is an abuse of judicial process by bringing a civil proceeding with malice. Its elements are a defendant who (1) instigates successive suits upon a cause of action after an adverse determination, (2) files repetitive suits for the same cause of action before any are resolved or (3) initiates, dismisses and refiles the same cause of action. The bringing of successive actions may be proof of an improper motive of malice. To prevail, plaintiffs must prove that defendants lacked probable cause in bringing each action. *Id.*

The Court finds that the second and third elements have been met. The issues that must be proven to except the judgment debt from discharge under § 523(a)(6) are the same issues that were determined by the state court. Moreover, the willful nature of the Defendants' acts and their

malicious motives in bringing successive actions against the Plaintiffs were essential issues to be determined by the state court.

The parties submitted written motions and responses to the state district court. The Plaintiffs' state court motion for summary judgment which was granted by the state district court included a recitation of numerous complaints filed by the Defendants with the Oklahoma Department of Environmental Quality and 30 complaints with the City of Broken Arrow resulting in the Plaintiffs' favor, threats made by the Defendants attempting to force the Plaintiffs to purchase his property, threatening notes and phone calls to LaFaver Fiberglass Corporation, a separate small claims action filed in Tulsa County by the Defendants against the Plaintiffs, and the Plaintiffs' pursuit of an emergency protective order against the Defendants. The Defendants' objections and responses included the assertion of various constitutional rights and alleged violations by the Plaintiffs and the state court. Wagoner County District Court Judge Kirkley found that, after a review of the pleadings, LaFaver Fiberglass Corp. and Bobby Joe La Faver were entitled to summary judgment against the Defendants herein, Harold and Patricia Price, for malicious prosecution and abuse of process. The state court judgment is a determination that the Price Defendants acted deliberately and intentionally and maliciously to cause harm and damages to the Plaintiffs through use and abuse of the legal process, and that they did so without probable cause, that is, without just cause or excuse. The judgment is also a rejection of the Prices' claims of repeated constitutional violations and bias against them.

The fourth and final element required for issues preclusion is also met. The Defendants had a full and fair opportunity to litigate the issues of willful, intentional conduct intended to harm the Plaintiffs and the malicious nature of that conduct during the state court proceedings. They presented their arguments to the state court during numerous hearings and upon appeal.

Case 24-80483    Doc 33    Filed 05/01/25    Entered 05/01/25 11:52:15    Desc Main
Document     Page 14 of 16

They filed numerous pleadings and briefs with these courts. Therefore, this Court finds that the elements of issue preclusion have been met, the state court decision bars re-litigation of the same issues in this Adversary Case, and the Plaintiffs are entitled to judgment herein as a matter of law.

**Request for Attorney Fees and Costs**

The Plaintiffs provide no authority for their request for attorney fees and costs in this case. The Court denies their request at this time without prejudice to the Plaintiffs' right to file a motion for attorney fees and costs with supporting authority within fourteen (14) days of the entry of this Opinion should they desire to do so.

**Exception from Discharge pursuant to § 523(a)(7)**

The Plaintiffs' Complaint includes a second cause of action seeking to except fines entered against the Defendants by a Wagoner County jury pursuant to 11 U.S.C. § 523(a)(7). The Plaintiffs' Motion for Summary Judgment is limited to Count I under § 523(a)(6), therefore the Court concludes that the Plaintiffs do not intend to pursue Count II against the Defendants. Moreover, to the extent that the contempt award was made in favor of the Wagoner County Court and is not an award to the Plaintiffs, the Plaintiffs lack standing to pursue an action regarding dischargeability of the contempt award. Therefore, this Court will dismiss Count II.

**Conclusion**

For the above and foregoing reasons, the Defendants' Motion to Dismiss (ECF No. 24) and Motion to Deny Plaintiffs Motion for Summary Judgment (ECF No. 35) are **denied**.

The Plaintiffs' Motion for Summary Judgment (ECF No. 31) is **granted** and the judgment debt of $ 84,475.53 is deemed nondischargeable pursuant to 11 U.S.C § 523(a)(6)**.** A separate judgment will be entered.

Count II of the Plaintiffs' Complaint is **dismissed**.

###